UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIAN GAIL BROWN, | : | |
|     Plaintiff, | : | |
| | : | |
|              v. | : | CIVIL ACTION NO. |
| | : | |
| HEARST CORPORATION, HEARST | : | 3:14-cv-1220-VLB |
| MEDIA SERVICES CONNECTICUT, LLC, | : | |
| JOHN ALCOTT, BARBARA ROESSNER, | : | October 9, 2015 |
| and BRIAN KOONZ, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION GRANTING DENYING PLAINTIFF'S MOTION TO QUASH AND MOTION FOR A PROTECTIVE ORDER**

Brown moves to quash numerous nonparty subpoenas and moves for a protective order. ECF No. 78. As an initial matter, the Court would like to remind the parties that, "[t]he private ordering of civil discovery and the related reality that fewer than 10 percent of all filed cases proceed to trial are critical to maintaining an orderly federal system. Indeed, it is no exaggeration to say that the federal trial courts otherwise would be hopelessly awash." 6 *Moore's Federal Practice* § 26.101[1][a] (Matthew Bender 3d ed.). This is especially true when a party designates a discovery dispute as an emergency and asks the Court to drop all previously scheduled matters to deal with a matter more appropriately resolved without Court participation. This motion marks the third time the Court has been called away to evaluate a discovery dispute. The parties are also reminded that the Court has a Chambers Practice of telephonically addressing discovery disputes where specific legal issues are identified and parties cannot resolve them amicably in the exercise of due diligence. In the future, before

1

seeking judicial intervention, the parties should confer promptly, identify the discrete legal issue about which they disagree, and submit a joint letter brief to chambers identifying the discrete legal issue in dispute, their respective positions on the issue, and the legal authority for their position.  The Court will then schedule a telephone conference at the earliest possible convenience. In this manner, the Court will have a clear understanding of the basis of the dispute and the benefit of the position of both parties.

Turning to the merits, Brown's "memorandum of law does not clearly differentiate her request to quash the subpoenas from her request for a protective order." *Bates v. Private Jet Commercial Grp., Inc.*, 2012 WL 1660874, at *4 (D.N.H. May 11, 2012).  The scope of discovery may be the same under Rules 26 and 45, but the standards for obtaining relief are not identical.  *Id.* (observing that subpoenas must fall within the scope of discovery under Rule 26 but that Rule 26 protective orders and Rule 45 motions to quash are separate pretrial discovery tools with different requirements).  The Court will do its best to disaggregate Brown's amorphous and confusing request.

Brown first moves to quash numerous nonparty subpoenas, some that have been served and some that may or may not issue.  With respect to the latter subpoenas, the Court will not quash a hypothetical.  *See Res. Investments, Inc. v. United States*, 93 Fed. Cl. 373, 383 (2010) (declining to rule on whether to quash a speculative subpoena).  Further, a party does not have standing to quash a nonparty subpoena unless the party claims a personal right or privilege.  *Badr v. Liberty Mut. Grp., Inc.*, 2007 WL 2904210, at *1 (D. Conn. Sept. 28, 2007).  However,

that exception does not confer general standing to quash any subpoena for whatever reason: a party's grounds for quashing a nonparty subpoena must be narrowly tailored to the rationale conferring standing.  *Cf. Moore's Federal Practice* § 45.51[3] (Matthew Bender 3d ed.) ("A party asserting a privilege interest in materials sought by subpoena from a nonparty, however, must assert its *own* privilege.").  Otherwise, the exception would swallow the rule.  The cited cases may express a different view,[1] but the Court disagrees with them.

Limiting its consideration only to the permissible grounds for quashing, the Court is left with two arguments.  The first argument is a bare-bones assertion that "courts in this District have consistently quashed subpoenas by defendants in employment cases served upon the plaintiff's former employers on the basis that requests for employment record were overly broad," along with an accompanying string cite of cases without parentheticals.  ECF No. 78-1 (Mem.) at 6.  To the extent that these cases granted a party's motion to quash a nonparty subpoena because the subpoenas were overly broad, the Court disagrees with them for the reason stated above.  More to the point, none of the cited cases stand for the proposition that a court *must* quash a subpoena for employment records; they stand for the proposition that a court *may* quash a subpoena for

---

[1] *Bernstein v. Mafcote, Inc.,* 2014 WL 3579494 (D. Conn. July 21, 2014) (conferring standing on party and simultaneously addressing motion for protective order and motion to quash); *Addona v. Parker Hannifin Corp.,* 2014 WL 788946 (D. Conn. Feb. 25, 2014) (ruling that defendant waived standing challenge, which was nonetheless unavailing, and addressing all four reasons for quashing under Rule 45); *Badr v. Liberty Mut. Grp., Inc.,* 2007 WL 2904210, at *3 (D. Conn. Sept. 28, 2007) (narrowing scope of nonparty subpoena on basis of party's objection as overly broad); *Chamberlain v. Farmington Sav. Bank,* 2007 WL 2786421 (D. Conn. Sept. 25, 2007) (conferring standing and simultaneously addressing motion for protective order and motion to quash).

employment records. The Federal Rules of Civil Procedure require a court to quash a subpoena only when the subpoena requires disclosure of privileged or protected materials and no exception applies. *See* Fed. R. Civ. P. 45(c)(3)(A). Employment records do not automatically qualify as privileged or protected, and Brown does not articulate what specific information she wants protected and why that specific information requires protection in light of an articulable and supported legal rule. Further, it is unlikely that such protected information exists given that Defendants likely possess the same private information as Brown's other employers. Brown also argues that the subpoenas are protected by attorney-client privilege. However, it's hornbook law that the holder of that privilege is the client, not the attorney. *In re Sean H.*, 24 Conn. App. 135, 143 (1991) ("It is therefore well settled that the client alone is the holder of the privilege." (citing C. McCormick, Evidence (3d Ed.) § 92)). Accordingly, the motion to quash is DENIED.

Brown also moves for a protective order. Federal Rule of Civil Procedure 26(c) requires that "[t]he motion must include a certification" of good faith. The motion and memorandum of law reference discussions between the parties, but that does not satisfy the certification requirement. As to the substance, the party seeking a protective order bears the burden of "demonstrat[ing] a clearly defined and serious injury." *Allen v. City of New York*, 420 F.Supp.2d 295, 302 (S.D.N.Y. 2006) (internal quotation marks omitted). That burden is particularly onerous when the party seeks to prevent discovery from occurring. 6 *Moore's Federal Practice* § 26.105[2][a] (Matthew Bender 3d ed.). Many courts have described

such situations as warranting a protective order only in extraordinary and rare cases. *Id.* Here, the memorandum of law is filled with conclusory statements and contains little in the way of a clearly defined and serious injury. And even Brown's conclusory arguments do not articulate a proper basis for a protective order. First, during a prior conference concerning previous evidentiary disputes, the Court informed counsel that information concerning Brown's other work is not only likely to result in admissible evidence, but relevant to the defense. The information requested hardly constitutes "a fishing expedition." Second, Brown has not met her burden of persuading the Court that the information is unnecessarily duplicative. Evidence from an independent source is often accorded more weight than evidence from a party herself. Third, with respect to any assertion of privilege, "the proper procure is for the deponent to appear for deposition and to assert the privilege in response to specific questions, as described by Rule 30(d)." 6 *Moore's Federal Practice* § 26.105[2][a] (Matthew Bender 3d ed.). Finally, the Court will not decide the appropriateness of a speculative subpoena. Accordingly, the motion for a protective order is DENIED.
.

                      IT IS SO ORDERED.

                      _____/s/_____
                      Hon. Vanessa L. Bryant
                      United States District Judge

Dated at Hartford, Connecticut: October 9, 2015